CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 16-12305   DIVISION " "

EMIII HOLDINGS, LLC and EARL MYERS, JR.

VERSUS

FIRST NBC BANK, TERRY VINNET, JASON PICONE, D'ANDRA DAVIS and XYZ INSURANCE CO.

FILED: _____   _____
                                    DEPUTY CLERK

## PETITION TO RECIND MORTGAGE, and FOR DAMAGES FOR CONSPIRACY, FRAUD and MISREPRESENTATION

THE PETITION OF EMIII HOLDINGS, LLC, a Louisiana Limited Liability Company domiciled in the Parish of Orleans, State of Louisiana, and EARL MYERS JR. an individual of full age domiciled in the Parish of Orleans, respectfully represents:

I.

Made defendants herein are:

1. First NBC Bank, a Louisiana state non-member bank which is a wholly-owned banking subsidiary of First NBC Bank Holding Company;

2. Terry Vinnet an individual of the full age of majority, domiciled in the State of Louisiana, parish of Orleans;

3. Jason Picone, an individual of the full age of majority, domiciled in the Parish of Orleans and at all times material hereto, an employee of defendant First NBC Bank;

4. D'Andra Davis, an individual of full age of majority, domiciled in the parish of Orleans;

5. XYZ, an unknown insurance company qualified to do and doing business in Orleans Parish; which provided a policy of insurance covering the actions and omissions of defendants First NBC Bank and Jason Picone;

and each defendant herein is justly and truly indebted to petitioner for this:

II

FACTUAL BACKGROUND

6.

At all times material hereto Petitioner EMIII HOLDINGS, LLC (hereinafter "EMH") was owner and of 2314-24 Rev. John Raphael, Jr. Way and 2426-34 Simon Bolivar Ave. in the City of New Orleans.

7.

EMH is a domestic LLC with Earl Myers, III as its sole member and manager

8.

Earl Myers III is also a participant in "Myers and Sons Enterprises Inc.",( hereinafter "Myers & Sons"), a Louisiana corporation doing business as a licensed General Contractor under the direction of his father Earl Myers, Jr.

9.

Under the direction of Earl Myers, Jr, Myers & Sons began doing construction for defendant TERRY VINNET who was develop of a subdivision called "South Village Estates" in Jefferson Parish, Louisiana.

10.

As a result of working for TERRY VINNET, Earl Myers, Jr. discussed his financial situation with him.

11.

TERRY VINNET told Earl Myers, Jr. that Myers needed to get a relationship with a bank and that he (VINNET) could help develop that.

12.

TERRY VINNET arranged for Myers & Sons to do construction work at the home of JASON PICONNE, and on or about 3/14-3/13/16 Myers & Sons perfumed work at 915 Conrad St. in New Orleans, the home of JASON PICONNE, said work being paid for by TERRY VINNET.

13.

During the work on Conrad St. JASON PICONNE had conversations with Earl Myers, Jr in which he informed Earl Myers, Jr that in order to develop a relationship with FIRST NBC BANK Earl must follow the dictates of TERRY VINNET.

14.

TERRY VINNET arranged for Myers & Sons to do construction work at a rental property belonging to William Bennett, an officer at FIRST NBC BANK, and on or about 4/6/2016 Myers & Sons performed work at 2820 Danny St, Metairie, said owned by William Bennett, said work being paid for by TERRY VINNET.

15.

During the work on Danny St., William Bennett had conversations with Earl Myers, Jr in which he informed Earl Myers, Jr that in order to develop a relationship with FIRST NBC BANK Earl must follow the dictates of TERRY VINNET

16.

TERRY VINNET directed that Myers & Sons open an account with FIRST NBC BANK which was done.

17.

TERRY VINNET told Earl Myers, Jr. that FIRST NBC BANK was willing to establish a $650,000.00 line of credit in the name of his girlfriend D'ANDRA DAVIS to build a house in the Eastover subdivision in New Orleans.

18.

TERRY VINNET further represented to Earl Myers, Jr. that if Earl Myers, Jr would contract to build the DAVIS house for $493,000.00, the $650,000.00 line of credit would revert to Myers & Sons when construction was complete.

19.

TERRY VINETT later represented to Earl Myers, Jr that FIRST NBC BANK required that Earl Myers post property as security for the loan to D'ANDRA DAVIS and assign the contract to the bank in order to have the $650,000.00 line of credit revert to Myers & Sons.

20.

Earl Myers, Jr communicated all of his conversations with TERRY VINNET, JASON PICONE and William Bennett to his son Earl Myers III.

21.

On or about April 29, 2016 Earl Myers, Jr. and Earl Myers, III went to the loan closing arranged by FIRST NBC BANK and signed a "multiple indebtedness mortgage" document tied to a $650,000.00 loan to D'ANDRA DAVIS, pledging 2314-24 Rev. John Raphael, Jr. Way and 2426-34 Simon Bolivar Ave. in the City of New Orleans as security for that loan and an "assignment of construction contact" for the construction of the D'ANDRA DAVIS house.

22.

After the signing, FIRST NBC BANK employees began to call Earl Myers, Jr. requesting a construction contract for the D'ANDRA DAVIS HOUSE which he provided in May 2016.

23.

Although the assignment of construction contract signed recited "*Contractor acknowledges that it is familiar with the disbursement provisions of the loan documents between Assignor and Lender and agrees that such disbursement provisions are satisfactory to Contractor*", in truth and in fact no loan documents of any kind have ever been provided to Myers & Sons, to Earl Myers Jr., Earl Myers III or EMH

24.

The house contracted for by D'ANDRA DAVIS was never begun.

25.

Petitioner is informed, and therefore believes, that substantially all of the $650,000.00 loan to D'ANDRE DAVIS has been withdrawn by persons unknown to petitioner.

26.

Petitioner has requested loan documents from FIRST NBC BANK, specifically to learn who had authority to withdraw funds, to no avail.

## III. CLAIMS

### FIRST CAUSE OF ACTION- RECISSION OF CONTRACT

27.

Petitioner re-alleges paragraphs 6-26 above as if plead in full at this place.

28

The mortgages referred to above should be rescinded for the following reasons;

A) Unilateral error on the part of petitioner in believing it was gaining a line of credit for Myers & Sons.

B) Failure of cause for the contact.

C) Improper procedures in confecting the mortgages including, but not limited to the failure to disclose the personal interest of FIRST NBC BANK employees.

D) Fraud in the inducement

E) Any other items found during discovery

### SECOND CAUSE OF ACTION- FRAUD IN THE INDUCEMENT

29.

Petitioner re-alleges paragraphs 6-26 above as if plead in full at this place.

30.

The actions and omissions of defendant FIRST NBC BANK and its employees led to the creation of trust and confidence in TERRY VINNET by Earl Myers, Jr., Earl Myers III which caused them to rely on his misrepresentations.

31.

TERRY VINNET misrepresented that mortgaging the two properties as security for the loan to D'ANDRA DAVIS would result in a line of credit to Myers & Sons.

32.

TERRY VINNET misrepresented that D'ANDRA DAVIS would use Myers & Sons to build a house for $493,000.00

### THIRD CAUSE OF ACTION-CONSPIRACY

33.

Petitioner re-alleges paragraphs 6-26 above as if plead in full at this place.

34.

FIRST NBC BANK had a longstanding relationship with TERRY VINNET from which the bank derived economic gain.

35.

FIRST NBC BANK knew, or should have known, that TERRY VINNET was bringing new customers to FIRST NBC BANK by using his perceived position of power and influence with the bank.

36.

On information and belief, TERRY VINNET knew that the loan to D'ANDRA DAVIS was contrary to banking standards and advised FIRST NBC BANK that he would secure collateral from Earl Myers to make the transaction better.

37.

On information and belief TERRY VINNET, D'ANDRA DAVIS and FIRST NBC BANK agreed to make the loan referred to above for purposes other than building a house under contract with Myers & Sons.

## IV. DAMAGES

38.

Petitioners reasonably relied on the representations of defendants and has suffered damage as a direct and proximate result of the actions and omissions pled in paragraphs 6-37.

38.

As a result of the aforementioned conspiracy, misrepresentations, fraud, and other actions of the Defendants, whether now known or discovered subsequently through discovery and trial, the Petitioners have been damaged as listed in the following non-exhaustive list:

(1) Petitioners have been unable to maintain sustainable business units as intended;

(2) Petitioners have incurred unnecessary or unwanted:

    (a) Interest and financing costs

    b) Insurance costs;

    (c) Staff costs and business overhead;

(d) Damages to their credit history;

(e) Damages to their financial standing;

f) Loss of opportunities;

(g) Inconvenience

(h) Embarrassment;

(I) mental anguish and/or emotional distress;

(3) Any other damages that become known through discovery or a trial;

(4) Any other damages known at the time of this filing but not well-pled

WHEREFORE, PETITIONERS PRAY that after due proceedings there be judgment herein in favor of petitioners and against the defendant FIRST NBC BANK annulling and declaring void the Multiple Indebtedness Mortgage and against FIRST NBC BANK, TERRY VINNET, JASON PICONE and D'ANDRA DAVIS jointly, severally, and *in solido* in such amounts as may be reasonable in the premises together with reasonable attorney's fees and all costs of these proceedings.

Respectfully Submitted,

_____
ERNEST L. JONES (Bar No. 07479)
4239 S. Claiborne Avenue
New Orleans, Louisiana 70125
Telephone: (504) 251-1005
Fax: 504 246-8158
ejlaw@bellsouth.net

PLEASE SERVE:

FIRST NBC BANK
Through its agent for service
Marsha S. Crowle, Chief Compliance Officer
210 Baronne St.
New Orleans, LA 70112

TERRY VINNET
7216 Thornley Dr.
New Orleans, LA 70126

JASON PICONE
915 Conrad St.
New Orleans, LA

Case 2:17-cv-05367-NJB-JCW Document 1-2 Filed 05/30/17 Page 9 of 9