# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**EMIII HOLDINGS, LLC, et al.**  CIVIL ACTION

**VERSUS**  CASE NO. 17-5367

**FIRST NBC BANK, et al.**  SECTION: "G" (2)

## ORDER

Before the Court is the Federal Deposit Insurance Corporation's (acting as receiver for First NBC Bank, the "FDIC-R") "Motion to Stay Action Pending Exhaustion of Administrative Remedies."[1] The FDIC-R moves the Court to stay the present action for 180 days, pending parties' exhaustion of their administrative remedies as set forth in section 1821 of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), or, in the alternative, for a stay of 90 days as provided for by the statute.[2] The motion was filed on June 19, 2017, and set for submission on July 5, 2017.[3] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Accordingly, any opposition to the pending motion was due no later than June 27, 2017. Plaintiffs have filed no opposition to the motion, and therefore Defendants' motion is deemed to be unopposed. This Court has authority to grant an unopposed motion, although it is not required to do so.[4]

---

[1] Rec. Doc. 3.

[22] *Id.*

[3] *Id.*

[4] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

Having considered the unopposed motion, the memorandum in support, and the applicable law, the Court will grant a stay of this case for a period of 180 days and administratively close it until that time.

12 U.S.C. § 1821(d)(12)(A) provides that "[a]fter the appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed . . . 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party." 12 U.S.C. § 1821(d)(12)(B) further provides that "the court shall grant such stay as to all parties."[5] Therefore, having requested it, the FDIC-R is entitled to a 90 day stay.

However, the FDIC-R requests a discretionary stay of 180 days pending all parties' exhaustion of their administrative remedies pursuant to FIRREA.[6] Plaintiffs do not oppose the request. A district court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[7] This authority includes the district court's wide discretion to grant a stay in a pending matter.[8] Furthermore, no part of FIRREA prohibits the Court from discretionarily granting a stay in excess of 90 days. Indeed, "[a] number of courts have held that litigation may be stayed during such portion of the receiver's 180-day period as remains at the time of the application for stay."[9]

---

[5] 12 U.S.C. § 1821 (d)(12)(B).

[6] Rec. Doc. 3. at 1.

[7] *Landis v. North American Co.,* 299 U.S. 248, 254 (1936).

[8] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[9] 11 Am. Jur. 2d *Banks and Financial Institutions* § 1097 (2017).

### IV. Conclusion

In order to allow compliance with the mandatory review process under FIRREA, the Court, in its discretion, will grant a stay of this case for a period of 180 days and administratively close it until that time. Accordingly,

**IT IS HEREBY ORDERED** that Federal Deposit Insurance Corporation's Motion to Stay Action Pending Exhaustion of Administrative Remedies[10] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** for a period of 180 days. The Clerk of Court shall mark this action closed for statistical purposes. The Court shall retain jurisdiction and the case shall be restored to the trial docket upon motion of a party at the expiration of 180 days from the date of this order.

**NEW ORLEANS, LOUISIANA,** this 28th day of August, 2017.

                         _____
                         **NANNETTE JOLIVETTE BROWN**
                         **UNITED STATES DISTRICT JUDGE**

---

[10] Rec. Doc. 3.