UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMIII HOLDINGS, LLC et al** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5367** |
| **FIRST NBC BANK et al** | **SECTION: "G"(2)** |

## ORDER AND REASONS

In this litigation, Plaintiffs EMIII Holdings, LLC and Earl Myers, Jr. (collectively, "Plaintiffs") bring suit against various defendants including First NBC Bank ("FNBC") seeking recovery and damages for, amongst other things, alleged torts and misrepresentations committed against Plaintiffs by FNBC.[1] Following the commencement of the litigation, FNBC was closed and the Federal Deposit Insurance Company ("FDIC") was confirmed as Receiver of FNBC.[2] Before the Court is Plaintiffs' "Motion to Lift Stay and to Remand" this case to the Civil District Court for the Parish of Orleans, State of Louisiana.[3] The FDIC filed an opposition to the instant motion.[4] After considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants Plaintiff's motion to lift the stay and remands this matter to the Civil District Court for the Parish of Orleans.

### I. Background

On December 16, 2016 Plaintiffs filed a state court petition for damages against

---

[1] Rec. Doc. 1-2.

[2] Rec. Doc. 1, Exhibit B.

[3] Rec. Doc. 9.

[4] Rec. Doc. 11.

1

Defendants in the Civil District Court for the Parish of Orleans, State of Louisiana, seeking to rescind Plaintiffs' mortgage as well as damages for conspiracy, fraud, and misrepresentation.[5] In the petition, Plaintiffs seek recovery for damages for, amongst other things, alleged torts and misrepresentations committed by FNBC.[6]

Specifically, Plaintiffs allege that they were involved in construction work at various properties owned by defendants.[7] Plaintiffs further allege that Defendant Terry Vinnet ("Vinnet") "told [Plaintiff's son] Earl Myers, Jr. that Myers needed to get a relationship with a bank and that [Vinnet] could help develop that."[8] According to Plaintiffs, Vinnett directed Plaintiffs to enter into a relationship with FNBC.[9] Plaintiffs state that they signed a "multiple indebtedness mortgage" document involving a "$650,000.00 loan" to Defendant D'andre Davis ("Davis").[10] Plaintiffs also state that they signed an "assignment of construction contract" for the construction of Davis's property.[11] Plaintiffs contend that FNBC did not provide them with loan documents, even when asked by Plaintiffs after Plaintiffs were informed that "substantially all of the $650,000.00 loan to D'andre Davis ha[d] been withdrawn by persons unknown."[12] In the petition, Plaintiffs bring claims for rescission of contract, fraud in the inducement, conspiracy, and

---

[5] Rec. Doc. 1-2.

[6] *See generally id.*

[7] *Id.* at 2–3.

[8] *Id.* at 2.

[9] *Id.* at 3.

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.*

damages.[13] Plaintiffs cite no state or federal law in the petition.[14] On January 30, 2017, FNBC filed an answer and affirmative defenses.[15]

On April 28, 2017, FNBC was closed and FDIC was confirmed as Receiver of FNBC.[16] On May 30, 2017, the FDIC removed the case to this Court, asserting federal subject matter jurisdiction pursuant to Title 12, United States Code, Section 1819. Section 1819 provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States."[17] Section 1819 further provides that the FDIC "may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party."

On August 28, 2017, upon motion by the FDIC, the Court stayed and administratively closed the present action pending the parties' exhaustion of their administrative remedies pursuant to 12 U.S.C. § 1821(d)(12).[18] The Court ordered that "the case shall be restored to the trial docket upon motion of a party at the expiration of 180 days from [August 28, 2017]."[19]

On August 10, 2020, Plaintiffs filed the instant "Motion to Lift Stay and to Remand."[20]

---

[13] *Id.* at 5–6.

[14] *See generally id.*

[15] Rec. Doc. 1-6.

[16] Rec. Doc. 1, Exhibit B.

[17] U.S.C. § 1819(b)(2)(A).

[18] Rec. Doc. 4.

[19] *Id.* at 3.

[20] Rec. Doc. 9. The Court notes that Plaintiffs' "Motion to Lift Stay and to Remand" was filed outside of the 180-

3

On August 19, 2020, the FDIC filed an opposition to the instant motion.[21] No other parties filed an opposition to the motion.

## II. Parties' Arguments

### A.     *Plaintiffs' Arguments in Support of the Motion to Lift Stay and Remand*

Plaintiffs argue that remand is proper pursuant to the exception to Title 12, United States, Code, Section 1819(b)(2)(A) articulated in Section 1819(b)(2)(D).[22] Section 1819(b)(2)(D) sets forth an exception for state law actions to Section 1819(b)(2)(A), which allows the FDIC to remove actions to which it is a party to federal court.[23] Plaintiffs argue that the exception for state law actions set forth in 12 U.S.C. § 1819(b)(2)(D) applies because, in this case, "the FDIC is acting as receiver of a state insured depository institution by the exclusive appointment of state authorities."[24]

Plaintiffs also point out that upon information and belief, the FDIC completed its closure and administration of FNBC.[25] For these reasons, Plaintiffs request that the Court lift the stay and remand this action to state court.[26] If the Court determines that remand is not appropriate, Plaintiffs request that the Court lift the stay and restore this action to the Court's active trial docket.[27]

---

day time period specified by the Court in its August 28, 2017 Order staying this case.

[21] Rec. Doc. 10.

[22] Rec. Doc. 9-4 at 2–4.

[23] 12 U.S.C. § 1819(b)(2)(A)–(B).

[24] Rec. Doc. 9-4 at 4.

[25] *Id*. at 3.

[26] *Id*.

[27] *Id*. at 4–5. Plaintiffs note that parent corporation of FNBC and Vinnet filed for bankruptcy. *Id*. Plaintiffs also state

4

### B.     *The FDIC's Arguments in Opposition to the Motion to Remand*

In opposition, the FDIC does not address Plaintiffs' legal arguments in support of remand. Rather, the FDIC contends that "[c]ontrary to the Plaintiffs' Motion, the FDIC-R's administration of First NBC bank continues."[28] Additionally, the FDIC asserts that "[c]ounsel for the FDIC and the Plaintiffs have spoken, and . . . Plaintiffs' counsel has indicated he would recommend that his clients dismiss all their claims against the FDIC only, reserving their rights to any and all claims against [the remaining defendants.]"[29] The FDIC also submits that it has sent Plaintiffs' counsel a draft motion to dismiss the FDIC.[30]

With respect to the instant motion, the FDIC states that if "the parties can agree on the FDIC's dismissal before the hearing date on Plaintiffs' Motion, the FDIC would take no position on the Plaintiffs' Motion."[31] However, the FDIC represents that if its dismissal from this action cannot be agreed upon by the date of the hearing on the instant motion, it would "request that this matter be continued and the Court enter a scheduling order whereby the [FDIC] can brief . . . why the matter should be dismissed with prejudice."[32]

### III. Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case to federal court if the federal court would have original jurisdiction over the matter.[33] A federal district court has

---

the at "[t]he work of the U.S. Attorney is ongoing." *Id.* at 5.

[28] Rec. Doc. 11 at 1.

[29] *Id.* at 1–2 (emphasis omitted).

[30] *Id.* at 2.

[31] *Id.*

[32] *Id.*

[33] 28 U.S.C. § 1441(a).

"original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[34]

Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) in response to the savings and loan crisis of the late 1980s.[35] FIRREA's provisions "expand, enhance and clarify enforcement powers of the financial institution regulatory agencies."[36] The jurisdictional and removal provisions articulated in Title 12, United States Code, Section 1819 bestow the FDIC with broad power to gain access to the federal courts in actions to which it is a party.[37]

The provisions relating to removal, found in 12 U.S.C. § 1819(b)(2), read as follows:

(A) In general

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

(B) Removal

Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any such action, suit, or proceeding from a state court to the appropriate United States district court.[38]

Subparagraph (D) of the removal statute articulates a narrow state law exception to the FDIC's broad access to the federal courts. Pursuant to 12 U.S.C. § 1819(b)(2)(D), an action shall not be

---

[34] 28 U.S.C. § 1331.

[35] *Matter of Meyerland Co.*, 960 F.2d 512, 514 (5th Cir. 1992) (internal citations omitted).

[36] *Id.* (citing H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess. 291, 311, *reprinted in* 1989 U.S. Code Cong. & Admin.News 86, 107).

[37] *Id.*; *see also Carrollton–Farmers Branch Indep. Sch. Dist. v. Johnson & Cravens*, 889 F.2d 571, 572 (5th Cir.1989).

[38] 12 U.S.C. §§ 1819(b)(2)(A)–(B).

deemed to arise under the laws of the United States if it is an action:

> (i) to which the [FDIC], in the [FDIC]'s capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
> (iii) in which only the interpretation of the law of such State is necessary.[39]

The Fifth Circuit has held that the third prong, 12 U.S.C. § 1819(b)(2)(D)(iii), is negated when a plaintiff asserts a federal law claim or where the FDIC asserts a defense that "raises colorable issues of federal law."[40]

Subparagraph (E) of the removal statute sets forth an exception to subparagraph (D). 12 U.S.C. § 1819(b)(2)(E) reads as follows:

> Subparagraph (D) shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subparagraph if the institution of which the Corporation has been appointed receiver could have invoked the jurisdiction of such court.[41]

Removal pursuant to the FDIC removal statute results in the transfer to federal court of the entire state court action, even where the state court action involves nonfederal defendants or claims.[42]

### IV. Analysis

Plaintiffs argue that remand is proper because the instant case falls within the exception to the FDIC removal statute for state law actions set forth in 12 U.S.C. § 1819(b)(2)(D).[43] The

---

[39] 12 U.S.C. § 1819(b)(2)(D).

[40] *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1148–50 (5th Cir. 1992)

[41] 12 U.S.C. § 1819(b)(2)(E).

[42] *Farina v. Mission Investment Trust*, 615 F.2d 1068 (5th Cir. 1980).

[43] Rec. Doc. 9-4 at 4.

FDIC does not contest Plaintiffs' assertion that the state law exception to the FDIC removal statute as set forth in 12 U.S.C. § 1819(b)(2)(D) applies here.[44]

In this case, the Court finds that all three prongs of the state law exception to the FDIC removal statute, 12 U.S.C. § 1819(b)(2)(D)(i)–(iii), are satisfied. First, the April 18, 2017 Order confirming the FDIC as receiver of FNBC and the notice substituting the FDIC for FNBC as defendant together make clear that the FDIC was appointed as receiver of FNBC by state authorities and is not a plaintiff in this case.[45] Second, it is apparent from the state court petition that Plaintiffs' allegations pertain only to actions and/or inactions by FNBC that occurred before FNBC bank was closed.[46]

Third, although the Court is cognizant that the Fifth Circuit has construed the state law requirement narrowly, none of the pleadings filed in this matter raise any indication of a federal law claim, let alone "colorable issues of federal law."[47] The state court petition is void of any mention of federal law.[48] Similarly, the notice of removal filed by the FDIC makes no mention of federal law.[49] Additionally, prior to removal, FNBC filed an answer and affirmative defenses in state court.[50] Nowhere in the answer or affirmative defenses does FNBC raise an issue of federal law.[51] Put simply, nothing in the record suggests that this matter presents any issues of

---

[44] *See* Rec. Doc. 11.

[45] Rec. Doc. 9-3 at 2, 5.

[46] *See generally* Rec. Doc. 1-2.

[47] *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1148–50 (5th Cir. 1992)

[48] *See* Rec. Doc. 1-2.

[49] *See* Rec. Doc. 1.

[50] Rec. Doc. 1-6.

[51] *See id.*

federal law. If any party intends to raise an issue of federal law, such intention has not been made apparent to the Court. Thus, even under a narrow reading of Section 1819(b)(2)(D)(iii), the Court finds the state law exception satisfied.

The Court also finds that because the petition does not invoke federal law and there is not complete diversity of citizenship between the parties, the exception to Section 1819(b)(2)(D) articulated in Section 1819(b)(2)(E) is inapplicable. Accordingly, the Court orders that the above-captioned matter be remanded to state court.

Furthermore, the Court denies the FDIC's "request that this matter be continued and the Court enter a scheduling order whereby the [FDIC] can brief . . . why the matter should be dismissed with prejudice."[52] As an initial matter, no motion to dismiss has been filed into the record at this time. Moreover, in light of the Court's finding that it does not have subject matter jurisdiction over this case, the Court cannot entertain the FDIC's premature arguments about dismissal.[53]

---

[52] *Id.*

[53] Additionally, the Court notes that even had it had jurisdiction over this matter, dismissal of the FDIC would not necessarily result in remand since the Court is authorized to retain jurisdiction following dismissal of the FDIC. *See Fed. Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 696 (5th Cir. 1991) ("The power to remove is evaluated at the time of removal.")

## V. Conclusion

For the foregoing reasons, the Court finds that it does not have subject matter jurisdiction over this case because this case falls under the jurisdictional exception for state law actions set forth in 12 U.S.C. § 1819(b)(2)(D). Accordingly, the Court remands this case to state court.

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Lift Stay and to Remand"[54] is **GRANTED**.

**IT IS FURTHER ORDERED** that the stay in this matter is lifted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA** this __1st__ day of October, 2020.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[54] Rec. Doc. 9.