**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**EMIII HOLDINGS, LLC et al.**                               **CIVIL ACTION**

**VERSUS**                                                           **CASE NO. 17-5367**

**FIRST NBC BANK et al.**                                   **SECTION: "G"(2)**

## ORDER AND REASONS

In this litigation, Plaintiffs EMIII Holdings, LLC and Earl Myers Jr. (collectively, "Plaintiffs") bring suit against various defendants including First NBC Bank ("FNBC") seeking recovery and damages for, amongst other things, alleged torts and misrepresentations committed against Plaintiffs by FNBC.[1] Following the commencement of the litigation, FNBC was closed and the Federal Deposit Insurance Company (the "FDIC") was confirmed as Receiver of FNBC.[2] FDIC moves the Court to reconsider the October 1, 2020 Order remanding this case to state court ("Remand Order").[3] Plaintiffs oppose the instant motion.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

---

[1] Rec. Doc. 1-2.

[2] Rec. Doc. 1, Exhibit B.

[3] Rec. Doc. 13.

[4] Rec. Doc. 14.

1

## I. Background

On December 16, 2016, Plaintiffs filed a state court petition for damages against multiple defendants, including FNBC, in the Civil District Court for the Parish of Orleans, State of Louisiana, seeking to rescind Plaintiffs' mortgage and seeking damages for conspiracy, fraud, and misrepresentation.[5] Plaintiffs seek to recover damages for, amongst other things, alleged torts and misrepresentations committed by FNBC.[6]

Plaintiffs allege that they were involved in construction work at various properties owned by defendants.[7] Plaintiffs further allege that Defendant Terry Vinnet ("Vinnet") "told [Plaintiff's son] Earl Myers, Jr. that Myers needed to get a relationship with a bank and that [Vinnet] could help develop that."[8] According to Plaintiffs, Vinnett directed Plaintiffs to enter into a relationship with FNBC.[9] Plaintiffs state that they signed a "multiple indebtedness mortgage" document involving a "$650,000.00 loan" to Defendant D'andre Davis ("Davis").[10] Plaintiffs also state that they signed an "assignment of construction contract" for the construction of Davis's property.[11]

Plaintiffs allege that they were later informed that "substantially all of the $650,000.00 loan to D'andre Davis ha[d] been withdrawn by persons unknown."[12] Plaintiffs contend that they asked

---

[5] Rec. Doc. 1-2.

[6] *See generally id.*

[7] *Id.* at 2–3.

[8] *Id.* at 2.

[9] *Id.* at 3.

[10] *Id.* at 4.

[11] *Id.*

[12] *Id.*

FNBC to provide them with loan documents but that FNBC refused. Plaintiffs bring claims for rescission of contract, fraud in the inducement, conspiracy, and damages.[13] Plaintiffs cite no state or federal law in the petition.[14] On January 30, 2017, FNBC filed an answer and affirmative defenses.[15]

On April 28, 2017, FNBC was closed and the FDIC was confirmed as Receiver of FNBC.[16] On May 30, 2017, the FDIC removed the case to this Court, asserting federal subject matter jurisdiction pursuant to Title 12, United States Code, Section 1819. Section 1819 provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States."[17] Section 1819 further provides that the FDIC "may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party."[18]

On August 28, 2017, upon motion by the FDIC, the Court stayed and administratively closed the instant action pending the parties' exhaustion of their administrative remedies pursuant to 12 U.S.C. § 1821(d)(12).[19] The Court ordered that "the case shall be restored to the trial docket

---

[13] *Id.* at 5–6.

[14] *See generally id.*

[15] Rec. Doc. 1-6.

[16] Rec. Doc. 1, Exhibit B.

[17] U.S.C. § 1819(b)(2)(A).

[18] U.S.C. § 1819(b)(2)(B).

[19] Rec. Doc. 4.

upon motion of a party at the expiration of 180 days from [August 28, 2017]."[20]

On August 10, 2020, Plaintiffs filed a "Motion to Lift Stay and to Remand," seeking to remand the case to state court pursuant to the state law exception to the FDIC removal statute, 12 U.S.C. § 1819(b).[21] On August 19, 2020, the FDIC filed a limited opposition to the motion in which it did not address Plaintiffs' legal arguments in support of remand.[22] The August 26, 2020 submission date for the motion to remand passed and the Court did not receive any additional briefing from the FDIC.[23] Accordingly, on October 1, 2020, the Court issued an order granting the motion to lift the stay and remanding the case to state court.[24] The Court found that it does not have subject matter jurisdiction over this matter because it falls under the jurisdictional exception to the FDIC removal statute, 12 U.S.C. § 1819(b), for state law actions.[25]

On October 26, 2020, the FDIC filed the instant "Motion for Reconsideration of Remand Order."[26] Plaintiffs filed an opposition to the instant motion on November 11, 2020.[27] On November 18, 2020, with leave of Court, the FDIC filed a reply to the opposition filed by Plaintiffs.[28]

---

[20] *Id.* at 3.

[21] Rec. Doc. 9. The Court notes that Plaintiffs' "Motion to Lift Stay and to Remand" was filed outside of the 180-day time period specified by the Court in its August 28, 2017 Order staying this case.

[22] Rec. Doc. 11.

[23] Additionally, on August 19, 2020, the Court sent an email to all counsel of record, instructing the FDIC to keep the court informed on the status of motion to dismiss. The Court did not receive any updates from the FDIC.

[24] Rec. Doc. 12.

[25] *Id.* at 10.

[26] Rec. Doc. 13.

[27] Rec. Doc. 14.

[28] Rec. Doc. 15.

4

## II. Parties' Arguments

***A.***     ***The FDIC's Arguments in Favor of the Motion for Reconsideration***

      The FDIC argues that the Court should reconsider its Remand Order pursuant to Federal Rule of Civil Procedure 59(e).[29] The FDIC does not argue that the Court should reconsider the portion of the Remand Order that lifted the stay in this case; rather, the FDIC's arguments pertain solely to the Court's decision to remand this case to state court.[30]

      In the Remand Order, the Court found that remand was proper because the state law exception to the FDIC removal statute set forth at 12 U.S.C. § 1819(b)(2)(D) was satisfied.[31] The FDIC argues that the Remand Order was based on a "manifest error of law" because this case involves issues of federal law and therefore does not fall within the state law exception to the FDIC removal statute.[32] The FDIC contends that it did not previously address the argument regarding the state law exception to the FDIC removal statute because Plaintiffs' motion to remand was "expressly based on the premise that the [FDIC] had already been dismissed from this case."[33] The FDIC asserts that "these facts justify the Court now considering the [FDIC]'s argument on this issue."[34]

      Specifically, the FDIC argues that the instant action "involve[s] numerous colorable issues

---

[29] Rec. Doc. 13-1 at 7.

[30] *See* Rec. Doc. 13-1.

[31] Rec. Doc. 12 at 10.

[32] Rec. Doc. 13-1 at 7–8.

[33] *Id.* at 8.

[34] *Id.*

of federal law" and that "the state law exception does not apply."[35] First, the FDIC avers that Plaintiffs did not follow the administrative claims process set forth in 12 U.S.C. § 1821(d)(6) because Plaintiffs did not take action within 60 days of receiving notice that the FDIC was disallowing Plaintiffs' administrative claim on November 29, 2018.[36] The FDIC contends that Plaintiffs' alleged failure to comply with the administrative claims process raises an issue of federal law.[37]

Second, the FDIC contends that "other federal law defenses to Plaintiff's claims . . . are clear from the claims asserted in this case."[38] In particular, the FDIC argues that it will raise the "anti-injunction statute" set forth at 12 U.S.C. § 1821(j), the federal *D'Oench, Duhme* doctrine, the "maximum liability statute" set forth at 12 U.S.C. § 1821(i), and the statutory bar on punitive damages against the FDIC set forth at 12 U.S.C. § 1825(b)(3).[39] The FDIC asserts that since it plans to assert federal defenses "to the extent that the [FDIC] remains a party," this action "involves the application of federal law" and "the state law exception is not satisfied."[40]

**B.   *Plaintiffs' Arguments in Opposition to the Motion for Reconsideration***

In opposition, Plaintiffs argue that reconsideration is not appropriate here for two reasons.[41] First, Plaintiffs contend that the FDIC "admittedly knew that Plaintiffs' claim against the First

---

[35] *Id.*

[36] *Id.* at 9–10.

[37] *Id.*

[38] *Id.* at 10.

[39] *Id.* at 10–14.

[40] *Id.* at 11, 14.

[41] Rec. Doc. 14.

NBC Bank had gone through claim review process and the [FDIC] had [] denied the Plaintiffs' claim."[42] Plaintiffs argue that "[a]ll reasons for reconsideration were available to the [FDIC], and the [FDIC] cannot justify its failure to present evidence or arguments."[43]

Second, Plaintiffs assert that they will suffer "unfair prejudice" if the Remand Order is reconsidered because of pending litigation involving the parties and a Sheriff's auction of Plaintiffs' properties scheduled for January 7, 2021.[44] Plaintiffs aver that further staying the proceedings will result in ongoing prejudice to Plaintiffs.[45] For these reasons, Plaintiffs ask the Court to deny the FDIC's motion for reconsideration.[46]

## C.    *The FDIC's Arguments in Further Support of the Motion for Reconsideration*

In reply, the FDIC argues that it is proper for the Court to consider the issues it raises in the motion for reconsideration for three reasons.[47] First the FDIC contends that the Remand Order was based on a "manifest error of law" because this action requires the determination of "at least seven colorable issues of federal law."[48]

Second, the FDIC avers that it was justified in its failure "to point out these federal law issues earlier because the Plaintiffs never raised the 'state law exception' in their Motion to Remand, and the [FDIC] relied on the Plaintiffs' representations that they did not intend to pursue

---

[42] *Id.* at 10.

[43] *Id.*

[44] *Id.* at 11–12.

[45] *Id.*

[46] *Id.* at 12.

[47] Rec. Doc. 18.

[48] *Id.* at 2–3.

claims against the [FDIC] and sought remand only to litigate against 'the remaining defendants.'"[49]

Third, the FDIC contends that Plaintiffs will not be prejudiced by reconsideration because: (1) the FDIC does not object to lifting the stay in this action, and (2) the past delay in this action "is the direct result of Plaintiffs' own actions."[50] For these reasons, the FDIC argues that reconsideration of this Court's Remand Order is appropriate.[51]

### III. Legal Standard

#### A.    Jurisdiction to Review a Remand Order

In general, "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[52] Accordingly, Fifth Circuit precedent dictates that in general, a "federal court is completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court."[53] "The FDIC, however, is specifically exempt from this prohibition by 12 U.S.C. § 1819(b)(2)(C), which provides that '[t]he [FDIC] may appeal any order of remand entered by any United States district court.'"[54] Accordingly, the Court has jurisdiction to review the Remand Order upon motion by the FDIC.

#### B.    Legal Standard for Reconsideration

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for

---

[49] *Id.* at 2.

[50] *Id.* at 6–7.

[51] *Id.* at 7.

[52] 28 U.S.C. § 1447(d).

[53] *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984) (internal citation omitted).

[54] *F.D.I.C. v. Loyd*, 955 F.2d 316, 319 (5th Cir. 1992).

reconsideration' *in haec verba*,"[55] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[56]  Federal Rule of Civil Procedure 59(e) allows courts to alter or amend its judgments after entry upon motion by a party no later than 28 days following entry of the judgment.[57] The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[58] The Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[59] with relief being warranted only when the basis for relief is "clearly establish[ed]."[60] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

> (1)    the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
>
> (2)    the movant presents newly discovered or previously unavailable evidence;
>
> (3)    the motion is necessary in order to prevent manifest injustice; or
>
> (4)    the motion is justified by an intervening change in controlling law.[61]

---

[55] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[56] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Vance, J.) (Rule 54).

[57] Fed. R. Civ. P. 59(e).

[58] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[59] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[60] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo*, 2010 WL 1424398, at *3.

[61] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4  (citations omitted).

Rule 60(b)(1) allows relief from a judgment or order for "mistake, inadvertence . . . or excusable neglect."[62] "The Supreme Court has explained that the determination of what sorts of neglect will be considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"[63] Fifth Circuit precedent dictates that relief will be afforded only in "unique circumstances"[64] and "[g]ross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law."[65] Whether or not to grant relief pursuant to Rule 60(b)(1) is left to the sound discretion of the district court.[66]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[67] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[68] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[69] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and

---

[62] Fed. R. Civ. P. 60(b)(1).

[63] *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[64] *Wilson v. Atwood Group*, 725 F. 2d 255, 257–58 (5th Cir.) (en banc), *cert. dism'd*, 468 U.S. 1222 (1984).

[65] *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (citing 11 Wright & Miller, *Federal Practice and Procedure* § 2858 at 170 (footnotes omitted)).

[66] *See Am. Totalisator Co., Inc. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir.1993).

[67] *Id.* (quoting *Templet*, 367 F.3d at 478-79).

[68] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[69] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp.2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

resources and should not be granted.[70]

**C.** *Legal Standard for Removal of State Court Action by the FDIC*

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a case to federal court if the federal court would have original jurisdiction over the matter.[71] A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[72] The jurisdictional and removal provisions articulated in Title 12, United States Code, Section 1819 bestow the FDIC with broad power to access the federal courts in actions to which it is a party.[73] 12 U.S.C. § 1819(b)(2), in pertinent part, reads as follows:

(A) In general

Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

(B) Removal

Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any such action, suit, or proceeding from a state court to the appropriate United States district court.[74]

12 U.S.C. § 1819(b)(2)(D) sets forth a narrow state law exception to the FDIC removal statute by providing that an action shall not be deemed to arise under the laws of the United States

---

[70] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[71] 28 U.S.C. § 1441(a).

[72] 28 U.S.C. § 1331.

[73] *Matter of Meyerland Co.*, 960 F.2d 512, 514 (5th Cir. 1992) (internal citations omitted); *see also Carrollton–Farmers Branch Indep. Sch. Dist. v. Johnson & Cravens*, 889 F.2d 571, 572 (5th Cir.1989).

[74] 12 U.S.C. §§ 1819(b)(2)(A)–(B).

if it is an action:

> (i) to which the [FDIC], in the [FDIC]'s capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
> (iii) in which only the interpretation of the law of such State is necessary.[75]

The Fifth Circuit has held that the third prong is negated when a plaintiff asserts a federal law claim or where the FDIC asserts a defense that "raises colorable issues of federal law."[76]

## IV. Analysis

### A. Whether Reconsideration is Appropriate under Federal Rule of Civil Procedure 59(e)

The FDIC argues that reconsideration under Rule 59(e) is appropriate because the Remand Order is based on a "manifest error of law."[77] The FDIC proceeds to raise—for the first time—issues of federal law that it claims are "relevant to this action" to argue that the third prong of the state law exception to the FDIC removal statute is negated.[78] In opposition, Plaintiffs argue that the FDIC "cannot justify its failure to present evidence or arguments" until this stage in the litigation.[79]

The Court agrees with Plaintiffs that the FDIC's failure to raise relevant federal law issues earlier is wholly unjustified. In *Diaz v. McAllen State Bank*, the Fifth Circuit held that to prevent

---

[75] 12 U.S.C. § 1819(b)(2)(D).

[76] *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1148–50 (5th Cir. 1992).

[77] Rec. Doc. 13 at 1. The FDIC filed the instant motion for reconsideration within 28 days of the Court's October 1, 2020 Order. Accordingly, the motion was timely filed under Federal Rule of Civil Procedure 59(e).

[78] Rec. Doc. 13-1 at 8–14.

[79] Rec. Doc. 14 at 10.

remand, "the FDIC must assert a defense that raises colorable issues of federal law."[80] In the Remand Order, the Court reviewed every pleading filed by both FNBC and the FDIC and found that nothing filed in this matter raised any indication of a federal law claim.[81] The Court's conclusion that there was no "colorable issue of federal law" was thus correct in light of the record before it. Accordingly, the Court finds that the Remand Order was not premised on a "manifest error of law." Therefore, the Court declines to reconsider the Remand Order under Federal Rule of Civil Procedure 59(e).

Instead, as discussed below, the Court finds that the FDIC failed to make the argument that it is attempting to make now. As a result, the Court considers the instant motion under Federal Rule of Procedure 60(b)(1) for the FDIC's mistake in failing to make its dispositive argument.[82]

**B.    *Whether Relief is Appropriate under Federal Rule of Civil Procedure 60(b)(1).***

As discussed above, Rule 60(b)(1) allows relief from a judgment or order for "mistake, inadvertence . . . or excusable neglect."[83] Here, the FDIC  admits that it "did not address" the state law exception argument in its opposition brief to Plaintiffs' motion to remand.[84] The FDIC contends that instead it "filed only a short response" to Plaintiffs' motion to remand because it was relying on statements indicating that Plaintiffs "understood (albeit incorrectly) that the FDIC-R had been dismissed from this case."[85]

---

[80] 975 F.2d at 1149.

[81] Rec. Doc. 12 at 8.

[82] Fed. R. Civ. P. 60(b).

[83] Fed. R. Civ. P. 60(b)(1).

[84] Rec. Doc. 13 at 3.

[85] Red. Doc. 13-1 at 4–5.

The FDIC's failure to properly brief an issue fundamental to its right of access to the federal court system in response to Plaintiffs' motion to remand is astonishing. The FDIC's attempt to argue that its failure to do so was justified because of Plaintiffs' representations that the FDIC would be dismissed from the lawsuit is similarly incomprehensible. A party to an action remains a party until it is properly dismissed pursuant to Federal Rule of Civil Procedure 41. Similarly, a party's obligation to respond diligently to its adversary's arguments continues until it is properly dismissed. In addition, the Fifth Circuit has held that "a party has a duty of diligence to inquire about the status of a case."[86] As a sophisticated party well versed in the rules of play in federal court, the FDIC's failure to know definitively whether it was a party to this lawsuit and to brief a dispositive argument is careless at best and reprehensible at worst.

Even more troubling is the FDIC's assertion that Plaintiffs "did not argue that—with the FDIC-R still a party—the case would not involve any issues of federal law or that the 'state law exception' to 12 U.S.C. § 1819(b)(2)(D) would otherwise apply."[87] The Court is not persuaded by the FDIC's suggestion that it was somehow caught off guard by the state law exception argument: Plaintiffs' motion to remand was squarely based on whether the state law exception to the federal removal statute applies.[88] Regardless of whether Plaintiffs' motion suggested that the FDIC was already dismissed, or would be dismissed at some later point, the fact remains that the FDIC was— and still is—a party to the instant action and must fully brief its arguments before this Court.

---

[86] *See also Pryor*, 769 F.2d at 287.

[87] Rec. Doc. 13 at 3.

[88] *See generally* Rec. Doc. 9-4.

14

Although the Court is not inclined to grant relief under these circumstances, it nevertheless does so here in light of the broad grant of federal jurisdiction bestowed upon the FDIC by Congress in the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA).[89] FIRREA's provisions "expand, enhance and clarify enforcement powers of the financial institution regulatory agencies."[90] The jurisdictional and removal provisions articulated at 12 U.S.C. § 1819 bestow the FDIC with broad power to gain access to the federal courts in actions to which it is a party.[91]

In the Remand Order, the issue before the Court was whether or not removal by the FDIC of this action was proper pursuant to 12 U.S.C. § 1819(b)(2).[92] The Court found that all three prongs for the state law exception to the FDIC removal statute set forth at 12 U.S.C. § 1819(b)(2)(D) were met and therefore remanded the case to state court.[93] Now, the FDIC argues that the third prong, which states that only cases "in which only the interpretation of the law of such State is necessary" may satisfy the state law exception, is negated because this case implicates "at least seven colorable issues of federal law."[94]

In *Diaz*, the Fifth Circuit held that the third prong of the state law exception is negated when a case requires the determination of "colorable, not frivolous" federal issues.[95] In addition, the Fifth Circuit held that the third prong is negated where the FDIC asserts a defense that "raises

---

[89] *Matter of Meyerland Co.*, 960 F.2d at 514 (internal citations omitted).

[90] *Id.* (citing H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess. 291, 311, *reprinted in* 1989 U.S. Code Cong. & Admin.News 86, 107).

[91] *Id.*; *see also Carrollton–Farmers Branch Indep. Sch. Dist*, 889 F.2d at 572.

[92] *See* Rec. Doc. 12.

[93] *Id.*

[94] *Id.* at 2–3.

[95] 975 F.2d at 1149.

colorable issues of federal law."[96] In *Diaz*, the Fifth Circuit vacated a remand order issued by the district court pursuant to the state law exception, finding that the FDIC had raised colorable issues of federal law by asserting a non-meritless defense under the *D'Oench, Duhme* doctrine, which generally provides that agreements cannot be enforced against the FDIC unless they are in writing.[97]

Like in *Diaz*, the FDIC argues in the instant case that it will assert a defense under the *D'Oench, Duhme* doctrine.[98] In *Diaz*, the Fifth Circuit found that the *D'Oench, Duhme* doctrine defense raised by the FDIC presented a colorable federal law issue because the plaintiff's claims were based on primarily oral representations.[99] Similarly, Plaintiffs' claims in the instant action rely on several oral representations made by the individual defendants.[100] Accordingly, the Court finds that the FDIC may have a colorable defense under the federal *D'Oench, Duhme* doctrine.

The FDIC also asserts that it will raise several other federal law defenses.[101] Following guidance from the Fifth Circuit, the Court does not express an opinion on the merits of those defenses; rather, the Court finds that the instant action requires the determination of colorable

---

[96] *Id.*

[97] *Id.* at 1150.

[98] Rec. Doc. 13-1 at 10–11.

[99] *Diaz*, 975 F.2d at 1150.

[100] *See* Rec. Doc. 1-2. For example, Plaintiffs allege that FNBC did not provide them with loan documents even when asked by Plaintiffs after Plaintiffs were informed that "substantially all of the $650,000.00 loan to D'andre Davis ha[d] been withdrawn by persons unknown." *Id.* at 4.

[101] Rec. Doc. 13-1 at 11.

issues of federal law.[102]  Accordingly, the Court finds that the third prong of the state law exception is negated and removal was proper.

Plaintiffs argue that they will suffer "unfair prejudice" if the Remand Order is reconsidered.[103]  Although Plaintiffs' arguments appear to pertain only to the portion of the Remand Order that lifted the stay in this case, the Court acknowledges that Plaintiffs may suffer some prejudice from returning this case to federal court. The Court, however, will not deny federal jurisdiction despite the FDIC's poor briefing of this issue. Therefore, the Court finds that relief is proper pursuant to Rule 60(b)(1).

## V. Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Federal Deposit Insurance Company's "Motion for Reconsideration of Remand Order"[104] is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** to the extent that the FDIC seeks to vacate the Court's October 1, 2020 Order remanding the instant action to state court. The motion is **DENIED** to the extent that the FDIC seeks reconsideration under Federal Rule of Civil Procedure 59(e). The Court finds that relief is appropriate under Federal Rule of Civil Procedure 60(b)(1). The Court warns the FDIC and its counsel that, in the future, the Court will not consider any of the FDIC's arguments if they are not properly raised at the appropriate time.

---

[102] *See Diaz*, 975 F.2d at 1150.

[103] *Id.* at 11–12.

[104] Rec. Doc. 13.

**IT IS FURTHER ORDERED** that the Court's October 1, 2020 Order is **VACATED** to the extent that it remanded the instant action, Case No. 17-cv-5367, to state court.[105] The stay in this matter remains lifted pursuant to the October 1, 2020 Order.[106]

**IT IS FURTHER ORDERED** that the parties contact the Court's case manager by February 12, 2021, to set a date for a scheduling conference in this matter.

**NEW ORLEANS, LOUISIANA**, this 28th day of January, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[105] Rec. Doc. 12.

[106] *Id.*

18