UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMIII HOLDINGS, LLC et al** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5367** |
| **FIRST NBC BANK et al** | **SECTION: "G"(2)** |

## ORDER AND REASONS

In this litigation, Plaintiffs EMIII Holdings, LLC ("EMIII") and Earl Myers, Jr. ("Myers") (collectively, "Plaintiffs") bring suit against various defendants including First NBC Bank ("FNBC") seeking recovery and damages for, amongst other things, alleged torts and misrepresentations committed against Plaintiffs by FNBC.[1] Following commencement of the instant litigation, FNBC was closed and the Federal Deposit Insurance Company ("FDIC") was confirmed as Receiver of FNBC.[2] Before the Court is the FDIC's "Motion to Dismiss for Lack of Subject Matter Jurisdiction."[3] Considering the motion, the memoranda in support and opposition, the arguments made at oral argument, the record, and the applicable law, the Court grants the motion to dismiss.

## I. Background

On December 16, 2016 Plaintiffs filed a petition for damages in the Civil District Court for the Parish of Orleans, State of Louisiana.[4] In the Petition, Plaintiffs allege that they entered

---

[1] Rec. Doc. 1-2.

[2] Rec. Doc. 1, Exhibit B

[3] Rec. Doc. 22.

[4] Rec. Doc. 1-2.

1

into a "multiple indebtedness mortgage" with FNBC to secure a $650,000 loan relating to a construction project.[5] Plaintiffs contend that FNBC refused to provide them with loan documents, even when asked by Plaintiffs after Plaintiffs were informed that "substantially all of the $650,000.00 loan . . . . ha[d] been withdrawn by persons unknown."[6] In the Petition, Plaintiffs bring claims for rescission of contract, fraud in the inducement, conspiracy, and damages.[7] Plaintiffs also seek to "annul[] and declar[e] void the Multiple Indebtedness Mortgage" with FNBC.[8]

On April 28, 2017, while the state court proceeding was pending, FNBC was closed and the FDIC was confirmed as Receiver of FNBC.[9] On May 30, 2017, the FDIC removed the case to this Court, asserting federal subject matter jurisdiction pursuant to Title 12, United States Code, Section 1819.[10] On August 28, 2017, upon motion by the FDIC, the Court stayed and administratively closed the present action pending the parties' exhaustion of their administrative remedies pursuant to 12 U.S.C. § 1821(d)(12).[11] The August 28, 2017 Order staying the case provides:

> **IT IS FURTHER ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** for a period of 180 days. The Clerk of Court shall mark this action closed for statistical purposes. The Court shall retain jurisdiction and the case shall be restored to the trial docket upon motion of a party

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at 5–6.

[8] *Id.* at 7.

[9] Rec. Doc. 1, Exhibit B.

[10] Rec. Doc. 1.

[11] Rec. Doc. 4.

2

at the expiration of 180 days from the date of this order.[12]

On August 10, 2020, Plaintiffs moved to lift the stay and remand this action.[13] On October 1, 2020, the stay was lifted.[14]

On March 2, 2021, the FDIC filed the instant motion to dismiss for lack of subject matter jurisdiction.[15] On March 16, 2021, Plaintiffs filed an opposition to the instant motion.[16] On March 25, 2021, with leave of Court, the FDIC filed a reply memorandum in further support of the instant motion.[17] The Court held oral argument on the motion on April 7, 2021 by videoconference.

## II. Parties' Arguments

*A.     The FDIC's Motion to Dismiss*

The FDIC argues that all claims asserted by Plaintiff against the FDIC should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because, according to the FDIC, Plaintiffs did not comply with the mandatory Financial Institutions Reform, Recovery and Enforcement Act's ("FIRREA") administrative claims procedure set forth at 12 U.S.C. §§ 1821(d)(3)–(13).[18]

First, the FDIC argues that Myers never submitted an administrative claim to the FDIC.[19]

---

[12] *Id.* at 3.

[13] Rec. Doc. 9.

[14] Rec. Doc. 12.

[15] Rec. Doc. 22.

[16] Rec. Doc. 10.

[17] Rec. Doc. 30.

[18] *Id.* at 9.

[19] *Id.* at 9–10.

3

Second, according to the FDIC, although EMIII did submit an administrative claim through the FDIC's website, the claim lacked "substantiating documentation or information."[20] The FDIC represents that it sent "numerous letters" to EMIII requesting documentation necessary for the FDIC to evaluate the claim and also extended the claim determination deadline.[21] The FDIC asserts that EMIII "ignored those requests and provided nothing," resulting the FDIC sending EMIII a "Disallowance Notice."[22] The FDIC contends that following issuance of the Disallowance Notice, EMIII had 60 days to seek judicial determination of the claim but EMIII waited "620 days" before taking action by filing a "Motion to Lift Stay and to Remand" on August 10, 2020.[23]

### B.    *Plaintiffs' Opposition to the Motion to Dismiss*

In opposition, Plaintiffs argue that their claims "were not denied as untimely" because "Plaintiffs were stayed from gathering discovery through litigating the dispute because at least in part of [sic] the stay of this proceeding and the two bankruptcy stays."[24] Plaintiffs also argue that the expiration of the stay in this case "on or about February 28, 2018" resulted in the automatic "continuation" of the lawsuit and no further action was needed to continue with this action.[25]

Plaintiffs further assert that "[s]hould this Court determine that it is without jurisdiction to adjudicate this matter and that the FDIC should be dismissed, it is respectfully requested that

---

[20] *Id.* at 10.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 10–11.

[24] Rec. Doc. 24 at 4.

[25] *Id.* at 5–7.

this proceeding be remanded to state court after the dismissal of the FDIC so Plaintiffs may pursue their claims against the other Defendants."[26]

C.  **The FDIC's Reply to the Motion to Dismiss**

In reply, the FDIC argues that Myer's claims against the FDIC must be dismissed because Myers never exhausted his claims through the mandatory administrative review process as required by FIRREA.[27] The FDIC also argues that EMIII's claims against the FDIC must be dismissed because EMIIII waited for more than 600 days after the disallowance of its administrative claim to take any action to continue this lawsuit.[28]

### III. Legal Standards

A.  *Legal Standard on a Motion to Dismiss Under Rule 12(b)(1)*

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[29] Thus, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[30] A motion to dismiss for lack of constitutional standing is reviewed under Rule 12(b)(1).[31] A dismissal under Rule 12(b)(1) is without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a

---

[26] *Id.* at 7.

[27] Rec. Doc. 30 at 2.

[28] *Id.* at 4.

[29] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[30] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1000 (5th Cir. 1998) (internal citation omitted).

[31] *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008).

claim in a court that does have proper jurisdiction."[32]

In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.[33] The plaintiff, as the party asserting jurisdiction, has the burden of proving subject matter jurisdiction by a preponderance of the evidence.[34] Where a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, including brought under Rule 12(b)(6), "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[35]

### B.    *The Administrative Claims Procedure Under FIRREA*

Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) in response to the savings and loan crisis of the late 1980s.[36] FIRREA's provisions "expand, enhance and clarify enforcement powers of the financial institution regulatory agencies."[37] Pursuant to FIRREA, the receiver of a failed financial institution has the power to resolve outstanding creditors' claims against the financial institution in receivership.[38]

The Fifth Circuit has held that 12 U.S.C. § 1821(d)(13)(D) "clearly establishes a statutory

---

[32] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[33] *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). *See also Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981).

[34] *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

[35] *Ramming*, 281 F.3d at 161.

[36] *Matter of Meyerland Co.*, 960 F.2d 512, 514 (5th Cir. 1992) (internal citations omitted).

[37] *Id.* (citing H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess. 291, 311, *reprinted in* 1989 U.S. Code Cong. & Admin.News 86, 107).

[38] 12 U.S.C. § 1821(c)–(d).

exhaustion requirement" under FIRREA.[39] Specifically, pursuant to FIRREA, those with claims against a seized depository institution or its receiver must first present their claims to the receiver, who decides the disputes according to the statutory procedures set forth at 12 U.S.C. § 1821(d)(3)–(10). The receiver has 180 days in which to make a determination on the claim, after which the claimant has 60 days after notice of the disallowance to either request an administrative review or to commence a *de novo* action (or continue an action commenced before the appointment of the receiver) in the appropriate federal district court.[40] If the claimant fails to do so before the end of the 60-day period, "the claim shall be deemed to be disallowed . . . [and] such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim."[41]

## IV. Analysis

The FDIC argues that Plaintiff's claims against the FDIC should be dismissed for lack of subject matter jurisdiction because Plaintiffs did not comply with the administrative claims process required under FIRREA.[42] According to the FDIC, Myers never submitted an administrative claim to the FDIC.[43] Additionally, according to the FDIC, although EMIII submitted an administrative claim to the FDIC, the claim lacked necessary supporting documentation and EMIII failed to take action within the 60-day period following issuance of the

---

[39] *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 882 (5th Cir. 1992) (internal citations omitted).

[40] 12 U.S.C. § 1821(d)(6)(A); *see also First City Asset Servicing Co. v. FDIC*, 158 B.R. 78, 80 (Bkrptcy. N.D. Tex. 1993).

[41] 12 U.S.C. § 1821(d)(6)(B).

[42] Rec. Doc. 22-1.

[43] *Id.* at 9.

November 29, 2018 Disallowance Notice.[44] In opposition, Plaintiffs argue that the case should not be dismissed because: (1) "Plaintiffs were stayed from gathering discovery through litigating the dispute because at least in part of [sic] the stay of this proceeding and the two bankruptcy stays;" and (2) the instant lawsuit was continued due to the expiration of the stay "on or about February 28, 2018."[45]

In this case, Plaintiffs filed a petition in state court against FNBC on December 16, 2016.[46] On April 28, 2017, while the state court action was pending, the FDIC was appointed as receiver for FNBC.[47] Between May 2017 and July 2017, the FDIC published several public notices in various newspapers informing creditors of FNBC to submit their claims against FNBC to the FDIC on or before August 2, 2017.[48] Additionally, on May 26, 2017, the FDIC mailed notice of its appointment as receiver to Plaintiffs and notified them of the August 2, 2017 "Claims Bar Date."[49] Accordingly, Plaintiffs, as creditors with claims against FNBC, were required to file an administrative claim with proof of their claim to the FDIC by August 2, 2017.[50]

### A.     Whether Plaintiff Earl Myers, Jr.'s Claims Against the FDIC Should be Dismissed

In the instant motion, the FDIC contends that Myers did not submit an administrative claim to the FDIC.[51] Plaintiffs present no evidence that Myers responded in any way to the notices

---

[44] *Id.* at 10–11.

[45] Rec. Doc. 24.

[46] Rec. Doc. 1-2.

[47] Rec. Doc. 22-1 at 2; Rec. Doc. 24 at 2.

[48] Rec. Doc. 22-2 at 1–2.

[49] *Id.* at 3.

[50] 12 U.S.C. § 1821(d)(3)(B).

[51] Rec. Doc. 22-1 at 9.

from the FDIC or took any action to abide by FIRREA's administrative claims process. Failure to timely file a proof of claim against the FDIC as receiver bars any further assertion of the claims by Myers in this litigation or under the FIRREA administrative claims process.[52] Therefore, the Court dismisses Myers' claims against the FDIC for lack of subject matter jurisdiction.

**B.    *Plaintiff EMIII's Claims Against the FDIC Should be Dismissed***

On August 2, 2017, counsel for EMIII submitted a claim against FNBC in the amount of $400,000 through the FDIC's website.[53] The claim was accompanied by a description that stated: "suit no. 16-12305 Civil District Court -- Orleans Parish, La -- now removed to U.S. District Court, EDLA" but contained no supporting documents.[54] The FDIC then sent three requests for additional information warning that if EMIII failed to provide the information requested, its claim would be disallowed.[55] After EMIII failed to provide additional documentation, the FDIC sent EMIII a Disallowance Notice on November 29, 2018[56] thereby triggering the statutory 60-day period for EMIII to seek administrative review, file a new lawsuit, or continue a lawsuit commenced before the appointment of the receiver.[57]

Plaintiffs took no action until filing a "Motion to Lift Stay and to Remand" on August 10, 2020.[58] Nevertheless, Plaintiffs argue that the case should not be dismissed because: (1) "Plaintiffs were stayed from gathering discovery through litigating the dispute because at least in

---

[52] 12 U.S.C. § 1281(d)(13)(D); *Meliezer,* 952 F.2d at 882.

[53] Rec. Doc. 22-2 at 3.

[54] *Id.*

[55] *Id.* at 3–4.

[56] *Id.* at 5.

[57] 12 U.S.C. § 1821(d)(6)(A).

[58] Rec. Doc. 9.

9

part of [sic] the stay of this proceeding and the two bankruptcy stays;" and (2) the instant lawsuit was continued due to the expiration of the stay "on or about February 28, 2018."[59]

Plaintiffs cite no authority for the assertion that dismissal is inappropriate because of the stay of this matter and two bankruptcy stays. This Court stayed the case on August 28, 2017 upon unopposed motion by the FDIC "pending all parties' exhaustion of their administrative remedies pursuant to FIRREA."[60] Given that the purpose of the stay was to allow Plaintiffs to follow the procedures set forth in FIRREA, the Court finds Plaintiffs' argument that the stay interfered with their ability to follow the administrative claims procedures unavailing.

In support of their argument that Plaintiffs continued the lawsuit within 60 days following issuance of the Disallowance Notice, Plaintiffs argue that the expiration of the August 28, 2017 stay in this case automatically continued the lawsuit, which was commenced before the FDIC was appointed as receiver.[61] Specifically, Plaintiffs contend that the August 28, 2017 stay "expired at the end of its specified term on or about February 28, 2018."[62]

The August 28, 2017 Stay Order states:

> **IT IS FURTHER ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** for a period of 180 days. The Clerk of Court shall mark this action closed for statistical purposes. The Court shall retain jurisdiction and the case shall be restored to the trial docket upon motion of a party at the expiration of 180 days from the date of this order.[63]

Confusingly, even if Plaintiffs are correct that the stay expired on February 28, 2018, this

---

[59] Rec. Doc. 24.

[60] Rec. Doc. 4 at 2.

[61] Rec. Doc. 24 at 5–7.

[62] *Id.*

[63] Rec. Doc. 4.

10

was *before* the November 29, 2018 Disallowance Notice was issued rather than within the 60-day period following issuance of the Disallowance Notice provided for by 12 U.S.C. § 1821(d)(6).

Moreover, the August 28, 2017 Stay Order directs the parties to file a motion to lift the stay in this matter. Although no party filed a motion at the expiration of 180 days as directed, Plaintiffs subsequently filed a "Motion to Lift Stay and to Remand" on August 10, 2020.[64] In that motion, Plaintiffs state "[i]n compliance with the Order of Court entered August 28, 2017, no action has occurred in this proceeding since that order was issued."[65] Plaintiffs therefore acknowledged in their August 10, 2020 motion to lift the stay that this case had been stayed since the entry of the August 28, 2017 Order. Now, in opposition to the instant motion to dismiss, Plaintiffs instead argue that the stay was automatically lifted on February 28, 2018.

Plaintiffs rely on a non-binding Eleventh Circuit decision in *Aguilar v. Federal Deposit Insurance Corp.*[66] to support their assertion that the expiration of the stay continued the action for purposes of 12 U.S.C. § 1821(d)(6). In *Aguilar*, the Eleventh Circuit interpreted Section 1821(d)(6) to hold that "where the district court entered a stay of definite duration, claimants need not take affirmative action to 'continue' a suit which was filed before the appointment of the receiver: the suit goes on when the stay expires."[67]

*Aguilar* is distinguishable from this case because in this case, the Court expressly ordered the parties to take affirmative action to lift the stay in this case, and Plaintiffs acknowledged as

---

[64] Rec. Doc. 9.

[65] *Id.* at 2.

[66] 63 F.3d 1059 (11th Cir. 1995).

[67] *Id.* at 1062. Plaintiffs also point to the Sixth Circuit's decision in *Molosky v. Washington Mutual, Inc.* in which the Sixth Circuit followed the Eleventh Circuit's decision in *Aguilar* to hold that where the district court enters a stay of definite duration, claimants need not take affirmative action to continue a suit that was filed prior to the appointment of a receiver. 664 F.3d 109, 122 (6th Cir. 2011).

11

much in their August 10, 2020 motion to lift the stay in this case.[68] In *Aguilar*, by contrast, it was clear that the stay was of a definite 180-day duration meaning that "the case bec[ame] active when the stay expire[d]."[69] Here, the case did not become active until the Court granted Plaintiffs' motion to lift the stay on October 1, 2020.[70] In addition, although the Fifth Circuit has not directly addressed this issue, in *Burr v. Transohio Savings*, an unpublished case, the Fifth Circuit stated in a footnote that "[w]e agree with those courts that have held that '12 U.S.C. § 1821(d)(6)(B) requires some timely formal affirmative action' to prevent waiver of a party's rights in a claim."[71]

For these reasons, the Court dismisses EMIII's claim against the FDIC for lack of subject matter jurisdiction.

## C.    *Whether this Case Should be Remanded to State Court*

In opposition to the instant motion to dismiss, Plaintiffs state: "Should this Court determine that it is without jurisdiction to adjudicate this matter and that the FDIC should be dismissed, it is respectfully requested that this proceeding be remanded to state court after the dismissal of the FDIC so Plaintiffs may pursue their claims against the other Defendants."[72] In *Federal Savings & Loan Insurance Corp. v. Griffin*, the Fifth Circuit, relying on the time-of-filing

---

[68] Rec. Doc. 9-4 at 2. ("In compliance with the Order of Court entered August 28, 2017, no action has occurred in this proceeding since that order was issued.").

[69] *Id.*

[70] Rec. Doc. 12 at 10.

[71] 77 F.3d 477, n. 8 (5th Cir. 1995). This case is not published and cannot be cited as precedent. In *Burr*, the Fifth Circuit found that "[b]y appealing the dismissal order before the lapse of the specified 60-day period, [the plaintiff] effectively 'continue[d] an action commenced before the appointment of the receiver.'" *Id.* In addition, several federal district courts have explicitly declined to follow *Aguilar* and held that the automatic lifting of a stay does not "continue" a suit within the meaning of the FIRREA sixty-day limitation period. *See, e.g.*, *Holmes v. F.D.I.C.*, 861 F. Supp. 2d 955, 957 (E.D. Wis. 2012); *Seymour v. F.D.I.C.*, No. 07–CV–552, 2009 WL 3427456, at *1 (S.D.W.Va. Oct. 23, 2009).

[72] Rec. Doc. 24 at 7.

rationale for establishing federal court jurisdiction, held that original federal jurisdiction continues pursuant to 12 U.S.C. § 1819(b)(2) after the FDIC is dismissed from a case.[73] Thereafter, in *Adair v. Lease Partners, Inc.*, the Fifth Circuit held that exercise of jurisdiction pursuant to 12 U.S.C. § 1819(b)(2) was mandatory for the district court even where no successor in interest to the FDIC remains party to an action.[74] Accordingly, the Court declines to remand the instant action to state court following dismissal of the FDIC.

### V. Conclusion

For the foregoing reasons, the Court lacks subject matter jurisdiction over Plaintiffs' claims against the FDIC. In addition, the Court has mandatory subject matter jurisdiction over Plaintiffs' claims against the remaining defendants in this litigation. Accordingly,

**IT IS HEREBY ORDERED** that the "Motion to Dismiss for Lack of Subject Matter Jurisdiction"[75] filed by the FDIC is **GRANTED.**

**IT IS FURTHER ORDERED** that all claims asserted by Plaintiffs Earl Myers and EMIII Holdings, LLC are **DISMISSED WITHOUT PREJUDICE.**[76]

**NEW ORLEANS, LOUISIANA**, this 7th day of May, 2021.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[73] 935 F.2d 691 (5th Cir. 1991).

[74] 587 F.3d 238, 245 (5th Cir. 2009).

[75] Rec. Doc. 22.

[76] Although the FDIC seeks dismissal with prejudice, Fifth Circuit precedent makes clear that a dismissal pursuant to Rule 12(b)(1) is without prejudice because it is "not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming*, 281 F.3d at 161.